**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| I.Q. TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 26-cv-4353 |
| | ) | |
| v. | ) | Cook County Case No. 2026L002909 |
| | ) | |
| GEORGE INDUSTRIES, LLC, ALEXANDER | ) | |
| MACHINE & TOOL COMPANY, LLC AND | ) | |
| THE THERMAL GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

Defendants George Industries, LLC ("**George**"), Alexander Machine & Tool Company, LLC ("**AMT**"), and The Thermal Group, LLC[1] ("**TTG**" and collectively with George and AMT, "**Defendants**"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. In support of this Notice, Defendants state as follows:

**I.    Background.**

1.      This case was originally filed by Plaintiff I.Q. Technologies, Inc. ("**Plaintiff**") in the Circuit Court of Cook County, Illinois on or about March 16, 2026.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings, and orders filed are attached as Exhibit A.[2]

2.      Defendants accepted service via email on March 23, 2026 of Plaintiff's Complaint, which effectively alleges that Defendants breached various contracts between the parties.  A true and correct copy of the affirmation of service is attached as Exhibit B.

3.      In the Complaint, Plaintiff requested a jury trial; however, pursuant to the terms of the purported contracts issue, which are referenced in and attached as exhibits to Plaintiff's

---

[1] As addressed herein, named Defendant "The Thermal Group, LLC" is not a real, legal entity.

[2] Plaintiff filed the unredacted Complaint and certain other materials under seal in the state court case.  Therefore, after the filing of this Notice, Defendants will move to file the unredacted Complaint and other such materials under seal with this Court pursuant to the procedures established in this Court's Local Rules.

Complaint, the parties expressly agreed to waive their right to a trial by jury with respect to any dispute related to the applicable contracts. Accordingly, Defendants object to Plaintiff's request for a jury trial and are selecting "No" on the Civil Cover Sheet's question regarding whether a jury trial is demanded here.

**II.      This Notice of Removal is Timely Filed in the Proper Venue.**

4.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

5.      The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days of service of the Complaint on Defendants. *See* 28 U.S.C. § 1446(b)(2)(B); Ex. B.

6.      The United States District Court for the Northern District of Illinois is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending. Further, the various purported contracts at issue, which are referenced in and attached as exhibits to Plaintiff's Complaint, provided that the venue for any dispute related to the contracts would be in any competent court (state or federal) located in the State of Illinois.

**III.     This Court Has Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332(a).**

7.      Pursuant to 28 U.S.C. § 1332(a), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

8.      Pursuant to 28 U.S.C. § 1446(c)(2), "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."

9.      While Plaintiff does not state in its Complaint a singular amount that Plaintiff is seeking, it alleges that Defendants was obligated to pay various fees which, cumulatively, amount to over $75,000. *See* Complaint ¶¶ 69–70, 75, 89–90, 111–12, 156, 194–95.

10.      Furthermore, the diversity requirement under 28 U.S.C. § 1332(a) is satisfied

2

because Plaintiff is completely diverse from each Defendant.

11.     Plaintiff is an Illinois corporation with its principal place of business in Chicago, Illinois, thus making it a resident of Illinois.

12.     George is a Delaware limited liability company with its principal place of business in New York.

13.     AMT is a Delaware limited liability company with its principal place of business in Massachusetts.

14.     Both George and AMT are wholly owned by George Holding, Inc., a Delaware corporation with its principal place of business in New York.  Because George and AMT are both limited liability companies, they are residents of every state where their members reside.  George Holding, Inc., a resident of Delaware and New York, is the sole member of both George and AMT, and thus both George and AMT are residents of Delaware and New York.

15.     The Thermal Group, LLC is not a real, legal entity.  While "The Thermal Group" is a fictitious business name associated with George and AMT, it is not an entity capable of being sued.  Thus, because The Thermal Group, LLC is not a real entity, and is an improper Defendant in this lawsuit, it has no legal residence.

**IV.     Conclusion.**

16.     Since the Defendants jointly file this Notice of Removal, the requirements of 28 U.S.C. § 1441(b)(2)(A) are satisfied.

17.     With this Notice of Removal, Defendants will file a copy of the Notice with the Supreme Court of the State of New York, County of New York alerting the court of the removal.

18.     In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

WHEREFORE, Defendants file this Notice of Removal and remove this civil action to the United States District Court for the Northern District of Illinois.


Dated: April 17, 2026

Respectfully submitted,

By: /s/ *Kevin M. Hogan*

**POLSINELLI PC**
Bryan Westhoff (IL-6278694)
Kevin Hogan (IL-6339112)
Ryan McCarty (*pro hac vice forthcoming*)
Matthew Suddarth (*pro hac vice forthcoming*)
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
Telephone:  (312) 819-1900
Facsimile:  (312) 819-1910
rmccarty@polsinelli.com
kmhogan@polsinelli.com
msuddarth@polsinelli.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on April 17, 2026, on all parties of record via the Court's ECF system pursuant to Federal Rules of Civil Procedure.

/s/ *Kevin M. Hogan*

4